# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITY NATIONAL INS. CO., | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| PAUL SUMMERFIELD, JR. *individually* | : | |
| and d/b/a PSummerfield | : | |
| Construction, *et al.*, | : | |
| *Defendant*. | : | NO. 21-0895 |

## MEMORANDUM

**Kenney, J.**                                                                                                                                       **May 13, 2021**

In this insurance coverage dispute, Plaintiff Security National Insurance Company ("Security National") seeks a declaratory judgment that it has no duty to indemnify or defend Defendants in a civil action pending in the Philadelphia Court of Common Pleas arising from Defendant Joseph Larkins' ("Larkins") June 2018 electrical injury. National Security is defending Defendant Paul Summerfield Jr. d/b/a PSummerfield Construction ("Summerfield") on a reservation of rights in the liability case that is currently being litigated in state court. Defendant Joseph Larkins moves to dismiss National Security's declaratory judgment action.

## I. BACKGROUND

### A. The Accident

In Larkins' underlying state court action, Larkin alleges that on June 18, 2018 he sustained injuries while performing exterior construction repairs and painting a Philadelphia residence when he was an independent contractor engaged by Summerfield. ECF No. 10-4, Ex. A ¶¶ 10, 12. Larkins alleges that as he attempted to move a ladder leaning against the exterior of the residence, the ladder touched the overhead power lines and he experienced an electric shock. *Id.* ¶¶ 13–14. His state court complaint indicates that Larkin experienced severe injuries, including electrical

burns to significant parts of his upper body and sepsis which required his arm be partially amputated. *Id.* ¶ 20.

**B. The Policy**

Security National issued a Commercial Lines insurance policy to Summerfield effective from October 31, 2017 to October 31, 2018. Compl. ¶ 8. The policy provides that Security National "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* ¶ 10. Of course, the policy provides that Security National has no duty to defend insured against a suit to which the insurance does not apply. *Id.* ¶ 11.

Relevant here, the policy contains an Amendment, "Employer's Liability Exclusion (Exclusion – Bodily Injury to Employees – Absolute)," excluding from liability coverage injuries to Summerfield's employees. ECF No. 1-3 at 17. The policy also expressly excludes from coverage any obligations Summerfield has under a workers' compensation, disability benefits or unemployment compensation law or any similar law. *Id.* at 27. The policy obligates Security National to defend Summerfield against actions filed by an independent contractor, subject to conditions imposed by the policy's "Independent Contractors Limitation Endorsement." Compl. ¶ 14.

**C. The Ensuing Litigation**

Larkins filed a praecipe for writ of summons against Summerfield on June 18, 2020. Compl. ¶ 33. Summerfield made a claim for coverage under his Security National policy and Security National has provided Summerfield with a defense under a full reservation of rights. *Id.* ¶¶ 16, 36. However, on October 22, 2020, Security National notified Summerfield by letter that it believes Summerfield may not be entitled to coverage for the claims in Larkins' state court action,

and that it reserves its right to disclaim coverage and seek reimbursement of the defense costs it has paid. *Id.* ¶ 17.

On February 26, 2021, Security National filed this action against Larkins and Summerfield, seeking, under 28 U.S.C. § 2201, a declaratory judgment that it is not obligated to defend or indemnify Summerfield in Larkins' underlying state court action. *Id.* ¶ 42. It also seeks reimbursement of all the attorneys' fees and costs it has incurred in providing Summerfield's defense in the underlying action from October 22, 2020 to the present. *Id.* On March 22, 2021, Larkins moved to dismiss Security National's complaint, arguing that we should decline to assert jurisdiction over this matter. *See* ECF No. 10-1. Security National filed its response in opposition on April 19, 2021. *See* ECF No.

## II. DISCUSSION

Larkins moves to dismiss, asking that we decline to exercise jurisdiction over Security Nation's declaratory judgment action. There is no dispute that the parties are diverse and that the amount in controversy exceeds the jurisdictional amount; accordingly, there is diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Security National's complaint seeks a declaratory judgment clarifying whether it must defend and indemnify Summerfield with respect to Larkins' June 18, 2018 accident. The Declaratory Judgment Act ("DJA") permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Because the DJA grants discretionary jurisdiction to federal courts, the DJA is an exception to our general obligation to hear cases over which we have been granted subject matter jurisdiction. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134–135 (3d Cir.

2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).

We have "substantial" but nonetheless "bounded and reviewable" discretion over whether to exercise jurisdiction over this matter. *Reifer*, 751 F.3d at 140. In *Reifer*, our Court of Appeals outlined a two-part analysis for determining whether to exercise jurisdiction under the DJA. *Id*. at 144–47. First, we must determine whether there is a pending parallel state proceeding. *Id*. at 143, 146. "[T]he absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer*, 751 F.3d at 144). "Inversely, the existence of a parallel state proceeding "militates significantly in favor of declining jurisdiction." *Id*. at 144-45.

If no state parallel proceeding exists, then "district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id* (quoting *Reifer*, 751 F.3d at 144). We are to give the following and other factors "meaningful consideration ... to the extent they are relevant":

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

A state proceeding is parallel with a federal declaratory judgment action if it "involv[es] the same parties and present[s the] opportunity for ventilation of the same state law issues." *Kelly*, 868 F.3d at 284. In this case, Security National is not a party to the underlying action and the issue of whether Summerfield's policy covers its potential liability in the underlying action is distinct from the question of whether Summerfield was negligent in connection with the June 18, 2018 accident. *See Kelly*, 868 F.3d at 287 (applying a "strict definition of parallelism" and observing that "a state tort action and the insurer's federal declaratory judgment action over coverage [are] non-parallel"). "[*Kelly*] creates a per se presumption that an insurer's declaratory judgment action is distinct from underlying tort actions in state court where the insurer is a non-party." *Colony Ins. Co. v. Troensa Constr.*, Inc., 2018 WL 4676038, at *7 (D.N.J. Sept. 28, 2018) (citing *Kelly*, 868 F.3d at 287). This case and Larkins' underlying action are not parallel under *Kelly*. *See State Farm Mut. Auto. Ins. Co. v. Dabbene*, No. CV 20-1938, 2021 WL 37508, at *7 (E.D. Pa. Jan. 5, 2021).

This does not end our analysis. Our Court of Appeals instructs us to also give "meaningful consideration" to the opposing factors (and others, as appropriate) before abstaining from or staying the case. *See Reifer*, 751 F.3d at 146. The first *Reifer* factor supports asserting jurisdiction, as our declaration will resolve the uncertainty between Security National, Larkins and Summerfield concerning coverage under Summerfield's policy. Second, Larkins and Summerfield are residents of Philadelphia and Bucks Counties, which are in the Eastern District, and our adjudication thus presents no greater inconvenience to the parties than adjudication in the Philadelphia Court of Common Pleas. The third *Reifer* factor, the public interest in settlement of the uncertainty of obligation, is neutral in this legal dispute. *See Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014) ("[T]he public interest in settling the uncertainty of [the insurance coverage] obligation weighs neither for nor against a resolution in federal court.").

Fourth, the availability and relative convenience of other remedies, supports asserting jurisdiction. "Because this action already exists, it is arguably more convenient for the parties to litigate their insurance coverage dispute in this federal forum, rather than start anew in state court." *Landmark Am. Ins. Co. v. Mandracchia*, 2019 WL 3934913, at *3 (E.D. Pa. Aug. 19, 2019) (quotation omitted).

Factors five and six, which require us to consider the federal courts' general policy of restraint when the same issues are pending in state court and the avoidance of duplicative litigation, both weigh in favor of exercising jurisdiction, because there is no parallel proceeding pending in state court. *See id*. at *4 ("Since the Court has determined that [the underlying action] is not a parallel proceeding, [the fifth and sixth] *Reifer* factors weigh in favor of this Court's exercise of discretionary jurisdiction."). Larkins argues a finding in his underlying action of whether he was an independent contractor or an employee, will determine whether the policy provisions Security National cites will apply to preclude coverage. *See* ECF No. 10-1 at 13–15. We agree a finding on Larkin's status in the underlying action *would* determine whether the policy provisions preclude coverage. However, as Security National argues, neither Larkins nor Summerfield have any incentive to contest that Larkins was an independent contractor. *See* ECF No. 12-2 at 15–16. In state court, Summerfield's interest will be in agreeing that Larkins was acting as an independent contractor at the time of the accident to obtain coverage under the policy, which excludes coverage for liability for injuries to Summerfield's employees.

Under factor seven, Larkin argues Security National is engaging in procedural fencing because it "kn[ows] that the coverage issues [are] implicated, and would be ultimately decided, in the Underlying Action in state court." ECF No. 10-1 at 21–22. However, as we explained, the coverage issues may never be litigated in the state court matter given the Summerfield and Larkins'

interests in obtaining coverage for liability. Accordingly, as Security National is not engaging in procedural fencing, the seventh factor also favors exercising jurisdiction.

The eighth factor requires us to consider the inherent conflict of interest between Security National's duty to defend Summerfield in state court and its claim that Larkins' underlying action does not implicate coverage under the policy. This factor supports jurisdiction. "Because 'the facts at issue in the [underlying action] are not at issue in [this] declaratory judgment action ... there is no danger that [Security National] will establish facts in the declaratory judgment action that could prejudice [the Defendants] in the state court suit." *State Farm Mut. Auto. Ins. Co. v. Dabbene*, 2021 WL 37508, at *8 (citation omitted).

As no parallel state proceeding exists and no *Reifer* factors counsel against retaining jurisdiction, we will exercise jurisdiction over Security Nation's declaratory judgment action.

### III. Conclusion

For the foregoing reasons, we will deny Larkins' motion to dismiss and retain jurisdiction over Security National's declaratory judgment action.

BY THE COURT

/s/ Chad F. Kenney
―――――――――――――
CHAD F. KENNEY, J.